Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
Robert E. Byrnes (SBN 200761)
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

FILED
07 DEC 19 PM 3:51
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Attorneys for Representative Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

VIA FAX

| | |
|---|---|
| LAC HUYNH, individually, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>EASTWOOD INSURANCE SERVICES, INC., a California corporation; JUDITH PARTRIDGE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case Number:** '07 CV 2386 JLS (POR)<br><br>**CLASS /COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Representative Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is a class/collective action, seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement of business expenses, rest and meal period penalties, waiting time penalties, liquidated damages

and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia,* the Fair Labor Standards Act §§ 6 and 7, 29 U.S.C. §§ 206 and 207. This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under California law (e.g., Title 8 of the California Code of Regulations, Labor Code §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2, 1197 and 2802, Business and Profession Code §§17200, et seq. and Code of Civil Procedure § 1021.5).

2. Representative Plaintiff brings this action on behalf of himself and other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or more specifically, the "FLSA Class" and/or the "California Class" and/or the "UCL Class") who are, or have been, employed by the Defendants to sell and/or assist in selling and/or to market and/or assist in marketing insurance products to the public on their behalf within the applicable statutory periods.

3. The "California Class" period is designated as the time from December 19, 2003 through the date of final judgment, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing since that time.

4. The "UCL Class" period is designated as the time from December 19, 2003 through the date of final judgment, based upon the allegation that the nationwide violations of California's wage and hour laws, as described more fully below, have been ongoing since that time.

5. The "FLSA Class" period is designated as the time from December 19, 2004 to the date of final judgment, based upon the allegation that the violations of the FLSA, as described more fully below, have been ongoing since at least this date.

6. During the Class Periods, EASTWOOD INSURANCE SERVICES, INC., (hereinafter "Eastwood" and/or "Defendant"), and/or JUDITH PARTRIDGE

and DOES 1-10, (collectively, "Defendants") have had a consistent policy of (1) permitting, encouraging, and/or requiring their allegedly-overtime exempt "Sales Agents," including Representative Plaintiff and members of the Classes, to work in excess of eight (8) hours per day and in excess of forty (40) hours per week without paying them overtime compensation as required by the FLSA and California's wage and hour laws; (2) making deductions from the Representative Plaintiff and UCL and California Class Members' earned and paid commissions and requiring cash contributions be made back to Defendants for commissions previously paid and for claimed customer losses by Defendants' customers; (3) requiring Representative Plaintiff and UCL and California Class Members to pay for business related expenses, including but not limited to, mileage and travel costs; (4) unlawfully denying the Representative Plaintiff and UCL and California Class Members statutorily mandated meal and rest periods; (5) willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to Representative Plaintiff and UCL and California Class Members whose employment with Defendants terminated; and (6) willfully failing to provide Representative Plaintiff and UCL and California Class Members with accurate semi-monthly itemized wage statements, which must provide the total number of hours actually worked, the applicable deductions and the applicable hourly rates in effect during the pay period.

## INTRODUCTION

7. The Fair Labor Standards Act of 1938, as amended, §§ 201, et seq., (hereinafter referred to as "the Act" or the "FLSA") provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provided the Federal Courts with substantial authority to stamp out abuses of child labor, equal pay, portal-to-portal activities as well as the overtime pay provisions at issue in this Complaint.

8. According to Congressional findings, the existence of labor conditions

detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

9. California's Labor Code and Industrial Welfare Commission Wage Orders provide even more expansive protection to hourly workers, including, but not necessarily limited to, entitlements to overtime pay and work performed beyond eight hours per day and substantial penalties for the denial of rest and meal periods.

10. Both Federal and California studies have linked long work hours to increased rates of accident and injury and a loss of family cohesion when either or both parents are kept away from home for extended periods of time, on either a daily or weekly basis.

11. Defendants have sold insurance products to the public. Representative Plaintiff is informed and believes and, based thereon, alleges that, within the Class Periods, Defendants have operated numerous facilities throughout the Untied States. In so doing, Defendants have employed hundreds, if not thousands, of individuals in recent years alone in allegedly exempt "Sales Agents" positions, employment positions which have not, and currently do not, meet any test for exemption from the payment of overtime wages.

12. Despite actual knowledge of these facts and legal mandates, Defendants have enjoyed an advantage over their competition and have disadvantaged their workers by electing not to pay premium (overtime) wages and/or penalties (i.e. "waiting time" penalties) wages to particular "Sales Agents" among other employment positions.

13. Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Defendants knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

14. Despite Defendants' knowledge of the Plaintiff Classes' entitlement to

premium (overtime) pay, expense reimbursement, and meal and/or rest periods for all applicable work periods, Defendants failed to provide the same to members of the Plaintiff Classes in violation of the FLSA and California state statutes, Industrial Welfare Commission Orders and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

**JURISDICTION AND VENUE**

15. This Court has jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under California state law, pursuant to 28 U.S.C. §1367.

16. Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendants maintain offices in the Southern District of California and transact business, have agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Representative Plaintiff and those similarly situated within the State of California and within this judicial district. Defendants operate said facilities and have employed numerous Class Members in this judicial district as well as throughout the State of California.

**PLAINTIFFS**

17. Representative Plaintiff LAC HUYNH is a natural person and was, during the relevant time period identified herein, employed by Defendants in their San Diego office and at other places as "Sales Agents" pursuant to a series of successive written compensation plans.

18. In said position, the Representative Plaintiff was repeatedly paid a substandard wage in so far as he was denied full pay for all hours worked, including

overtime pay, denied reimbursement for expenses made on behalf of his employer, and was frequently permitted to work, and did work during the class periods, shifts exceeding four hours or a major fraction thereof (of at least three and one-half hours) without being afforded ten minute rest periods and without being afforded mandatory meal periods. The Representative Plaintiff is informed and believes, and based thereon, alleges that this conduct of Defendants is/was commonplace at every location owned and operated thereby.

19. As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff Classes" refer to the named plaintiff herein as well as each and every person eligible for membership in the Plaintiff Classes, as further described and defined below.

20. At all times herein relevant, the Representative Plaintiff was, and now is, a person within each of the Classes of persons further described and defined herein.

## DEFENDANTS

21. Defendant Eastwood was founded in 1989 and is an insurance broker specializing in non-standard automobile insurance. It is a self-proclaimed industry leader offering sales and service of comprehensive automobile coverage.

a. Defendant Eastwood has approximately 51 offices and 500 employees throughout the nation. However, 26 of those offices are located in California. It is also headquartered and was (and is) doing business in the State of California during the liability period. While Defendants utilize somewhat different corporate names throughout the nation, Defendant Eastwood is jointly and severally liable for their own, and their predecessors', affiliates', corporate parents', and subsidiaries' violations of California Business & Professions Code §§ 17200-17800 and the California Labor Code. Defendants are in the business of selling automobile insurance policies to the public nationwide and employed Plaintiff during the liability period.

b. Defendant Judith Partridge, the owner and founder of Eastwood, directly controls the daily job duties, wages and employment of Plaintiff and is otherwise liable as a joint employer or is an alter-ego of Eastwood. In fact, in many respects Eastwood is Judith Partridge and vice-versa.

22. Defendant Judith Partridge is, and all times herein mentioned was, the sole owner of all shares or owner of a substantial and controlling interest of all shares of stock of Defendant Eastwood, or a promoter of Defendant Eastwood and sole subscriber to all shares or subscriber to a substantial and controlling interest of all shares of stock of Defendant Eastwood. The shares so owned or subscribed constitute all of or a substantial and controlling percentage of the total number of shares issued and outstanding or which have been subscribed to.

23. There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendant Judith Partridge and Defendant Eastwood, such that any individuality and separateness between Defendant Judith Partridge and Defendant Eastwood has ceased, and Defendant Judith Partridge is the alter ego of Defendant Eastwood in that:

a. Defendant Eastwood is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business done and to be done by Defendant Eastwood and the risks of loss, its capitalization was illusory, trifling, and insufficient to meet its debts;

b. Defendant Judith Partridge uses, and at all times herein mentioned used, assets of Defendant Eastwood for her own and her family members' personal uses, caused assets of Defendant Eastwood to be transferred to her or her family members without adequate consideration, and withdrew funds from Defendant Eastwood's bank accounts for her own or her family members' personal uses;

c. Defendant Judith Partridge commingles and fails to segregate, and at all times herein mentioned commingled and failed to segregate, funds and

other assets of Defendant Eastwood from her own and thereby treats, and at all times herein mentioned treated, the funds and other assets of Defendant Eastwood as her own;

d. Defendant Eastwood is and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which Defendant Judith Partridge carried her individual business. Plaintiff is informed and believes and therefore allege that Defendant Judith Partridge carried on her business in the corporate name exactly as she would have if there was no incorporation, exercising complete control and dominance of such business to such an extent that any individuality or separateness of Defendant Eastwood does not, and at all times herein mentioned did not, exist;

e. Defendant Eastwood is, and at all times herein mentioned was, controlled, dominated, and operated by Defendant Judith Partridge as her individual business and alter ego, in that the activities and business of Defendant Eastwood were carried without the holding of director or shareholder meetings, no records or minutes of any corporate proceeding were maintained, no adequate records of Defendant Eastwood's financial transactions and other matters were maintained, and Defendant Judith Partridge entered into personal transactions with Defendant Eastwood for personal services without adequate consideration or the approval of other directors or shareholders;

f. Defendant Judith Partridge contracts, and at all times herein mentioned contracted, with Plaintiff and Class Members for the procurement of labor for her individual business with the intent of using the illusory corporate status of Defendant Eastwood Insurance as a mere subterfuge and shield to personal liability;

g. Defendant Judith Partridge organizes, and at all times herein mentioned organized, the business affairs of her individual business so as to

concentrate its assets in Defendant Judith Partridge and its liabilities in Defendant Eastwood Insurance; and

h. Because Defendant Judith Partridge represents, and at all times herein mentioned represented, to Plaintiff and Class Members, by her words and actions, that she was in effect Defendant Eastwood, responsible for its obligations, and that the business was adequately capitalized and financially stable, although, unknown to Plaintiff and Class Members, it was in fact not, Plaintiff and Class Members did not look solely to Defendant Eastwood for payment of their wages and were mistakenly lured into the belief that Defendant Judith Partridge and Defendant Eastwood could meet their financial obligation to pay all wages due and owing to Plaintiff and Class Members.

24. Adherence to the fiction of the separate existence of Defendant Eastwood as an entity distinct from Defendant Judith Partridge would permit an abuse of the corporate privilege and would, under the circumstances alleged, sanction a fraud and/or produce an inequitable result in that, if the corporate façade of Defendant Eastwood is recognized, the compensation, overtime wages, and other damages due and owing and to which Plaintiff and Class Members are entitled will go unpaid due to Defendant Eastwood's severe undercapitalization, inability to pay its debts, and impending insolvency.

25. Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants and carried out a joint scheme, business plan and policy in all respects pertinent thereto, and the acts of each Defendant are legally attributable to the other Defendants.

26. Furthermore, Defendant Eastwood's founders and executive officers directed authorized, ratified, and/or participated in the conduct that gives rise to the claims asserted herein, and derived personal financial benefit from such conduct.

27. Plaintiff is unaware of the true names or capacities of the Defendants

sued herein under the fictitious named DOES 1 through 10, but prays for leave to amend and serve such factiously named Defendants once their names and capacities become known.

28. Plaintiff is informed and believes, and thereon alleges, that DOES 1-10 are the partners, agents, owners, shareholders, managers or employees of EASTWOOD INSURANCE SERVICES, INC., and/or JUDITH PARTRIDGE, and were acting on behalf of EASTWOOD INSURANCE SERVICES, INC., and/or JUDITH PARTRIDGE.

29. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, EASTWOOD INSURANCE SERVICES, INC., and/or JUDITH PARTRIDGE, and DOES 1-10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policy of, Defendants.

30. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

31. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

32. Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

33. Representative Plaintiff is informed and believes and, on that basis, alleges that Defendants have, and do, directly and/or indirectly employed and/or

exercised control over the wages, hours and working conditions of the Representative Plaintiff and the Class Members.

## CLASS ACTION ALLEGATIONS

34. Representative Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Classes:

> **FLSA National Class:** All persons who worked as Sales Agents or held similar titles or performed similar duties throughout the United States for Eastwood Insurance at anytime between December 19, 2004 to the date of final judgment.
>
> **UCL National Class:** All persons who worked as Sales Agents or held similar titles or performed similar duties throughout the United States for Eastwood Insurance at anytime between December 19, 2003 to the date of final judgment.
>
> **California Class:** All persons who worked as Sales Agents or held similar titles or performed similar duties throughout California for Eastwood Insurance at anytime between December 19, 2003 to the date of final judgment.

35. Defendants, their officers and directors are excluded from each of these Plaintiff Classes.

36. This action has been brought and may properly be maintained as a class/collective action under FRCP, Rule 23 and 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed Plaintiff Classes are easily ascertainable.

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and

believes and, on that basis, alleges that the total number of Class Members exceeds hundreds of individuals. Membership in the Plaintiff Classes will be determined upon analysis of employee and payroll, among other, records maintained by Defendants.

b. Commonality: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under FRCP, Rule 23(b) (3) and 29 U.S.C. § 216(b). These common questions include, but are not necessarily limited to:

i. Whether Defendants violated the FLSA and/or California laws by failing to pay overtime compensation to Defendants' "Sales Agents" who worked in excess of 40 hours per week;

ii. Whether Defendants violated California Wage Order Nos. 7-98, 72000, 7-2001 and Labor Code § 510 by failing to pay overtime compensation to Defendants' "Sales Agents" who worked in excess of 40 hours per week and/or eight (8) hours a day;

iii. Whether Defendants violated California Business and Professions Code §§ 17200 et seq., by failing to pay overtime compensation to "Sales Agents" who worked in excess of forty (40) hours per week and/or eight (8) hours a day;

iv. Whether Defendants violated Cal. Lab. Code §§ 200, 202, 204 and portions of applicable California Wage Orders by subjecting their "Sales Agents" to deductions from wages, including

commissions and losses claimed by Defendants' customers;

v. Whether Defendants violated Cal. Lab. Code §§ 2800 and 2802 by charging and/or otherwise requiring their "Sales Agents" to pay all or a portion of their business related mileage and travel costs, as well as other normal business expenses of the Defendants;

vi. Whether Defendants violated, and continues to violate, California Labor Code §§ 226.7 and/or 512 by failing to consistently provide meal and/or rest periods to the UCL and/or California Class Members;

vii. Whether Defendants violated, and continues to violate, California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

viii. Whether Defendants violated, and continue to violate, California Labor Code §§- 201-203 by failing to pay overtime wages due and owing at the time Class Members' employment with Defendants terminated;

ix. Whether Defendants violated, and continue to violate, California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Class Members, which must provide total hours actually worked and all applicable hourly rates in effect during the pay period;

x. Whether the Representative Plaintiff and the Class Members are entitled to "waiting time" penalties/wages pursuant to California Labor Code § 203.

c. Typicality: The Representative Plaintiffs claims are typical of the claims of the Plaintiff Classes. The Representative Plaintiff and all members of the Plaintiff Classes sustained injuries and damages arising

out of and caused by Defendants' common course of conduct in violation of state and federal law, as alleged herein.

d. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, the Representative Plaintiffs informed and believes, and based thereon alleges, that Defendants, in refusing to pay overtime to the FLSA Class Members and the UCL and California Class Members, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, class certification is proper under FRCP, Rule 23(b) (2) and 29 U.S.C. § 216(b).

e. Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Classes, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Classes; and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel, experienced in litigation of this nature. The

Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

37. As described herein, Defendants have, for years, knowingly failed to adequately compensate those "Sales Agents" within the class definitions identified above for premium (overtime) wages due under the FLSA (29 U.S.C. §§ 206 and 207), California Labor Code § 510 and applicable California Wage Orders. Moreover, Defendants have knowingly failed to provide said workers with mandatory meal and rest periods, thereby enjoying a significant competitive edge over other securities brokerage firms. Among other means, Defendants engaged in unlawful business practices requiring Sales Agents to work numerous hours of overtime on a daily and/or weekly basis and prevented Sales Agents from taking rest and meal breaks.

38. Even upon the termination or resignation of the employment of Representative Plaintiff and numerous UCL and California Class Members during the Class period, Defendants declined to pay these wages, in blatant violation of California Labor Code §§ 201 and/or 202.

39. Moreover, according to Defendants' policy, all UCL and California Class Members suffered deduction from earned and paid commissions, as well as cash contributions made back to Defendants, for the commissions previously paid and the actual claimed customer losses themselves, on account of claims by Defendants' customers.

40. Additionally, according to Defendants' policy, all UCL and California Class Members were required to pay for their business related expenses, including but not limited to mileage and travel costs related to business.

41. Through the misclassification of Plaintiff and the Class Members as

exempt employees, Defendants has also incorrectly and unlawfully treated said Class Members as exempt from the meal and rest period requirements established by California Labor Code §§ 226.7 and 512 and §§ 11 and 12 of the applicable California Wage Orders. Representative Plaintiff and the UCL and California Class Members were, and are, unlawfully denied meal breaks and rest periods required by law.

42. Moreover, California Labor Code §§ 201 and 202 require Defendants to pay all wages due to members of the California Class immediately upon discharge. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days o of wages.

43. Furthermore, despite its knowledge of the Representative Plaintiff's and the Class Members' entitlement to premium (overtime) pay for excess hours worked, Defendants violated California Labor Code §1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the UCL and California Class. Defendants also failed to provide Representative Plaintiff and members of the UCL and California Class with accurate semi-monthly itemized wage statements, which must provide the actual total number of hours worked by each, and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Defendants have not only failed to pay their workers the full amount of compensation due, they have, until now, effectively shielded themselves from their employees' scrutiny for their unlawful conduct by concealing the magnitude (the full number of hours worked) and financial impact of their wrongdoing.

44. Representative Plaintiff and all persons similarly situated in the UCL and California Class are entitled to unpaid compensation, yet, to date, have not received such compensation despite their termination of their employment with

Defendants.

45. More than 30 days have passed since Representative Plaintiff and certain UCL and California Class Members have left Defendants' employ.

46. As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, certain UCL and California Class Members are entitled to 30 days wages as penalty under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

47. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and many Class Members herein are entitled to recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semi-monthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to recover attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b), California Labor Code §§ 218.5 and 1194 and/or California Civil Code § 1021.5, among other authorities.

**FIRST CAUSE OF ACTION**

**UNLAWFUL FAILURE TO PAY OVERTIME WAGES**

**(FLSA Class)**

48. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

49. At all relevant times hereto, Defendants have been, and are, employers

engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). As such, Defendants employed members of the FLSA Class as "Sales Agents," employment which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s) (1).

50. Representative Plaintiff is informed and believes, and thereon alleges, that Defendants have required, or requires, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

51. Indeed, in the performance of their duties for Defendants, members of the FLSA Class often did work over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

52. Representative Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

53. Defendants' violations of the FLSA were willful.

54. As a result of the foregoing, Representative Plaintiff seeks judgment

against Defendants on his own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendants to the Representative Plaintiff-and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207 together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

**<u>SECOND CAUSE OF ACTION</u>**

**UNLAWFUL FAILURE TO PAY OVERTIME WAGES**

**(UCL and California Class)**

55. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

56. During the Class Period, Representative Plaintiff and the UCL and California Class Members worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek. The precise number of overtime hours will be proven at trial.

57. During said time period, Defendants refused to compensate Representative Plaintiff and the UCL and California Class Members for some and/or all of the overtime wages earned in violation of applicable Wage Order(s) and the provisions of the California Labor Code.

58. At all relevant times, Defendants were aware of, and were under a duty to comply with, the overtime provisions of the California Labor Code, including, but not limited to, the following:

> a. Labor Code §510: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in anyone workweek and the first eight hours worked on the seventh day of work in anyone workweek shall be compensated at the rate of no less than one and one-halftimes the regular rate of pay for an employee ...." *(effective at all times herein relevant)*

> b. Labor Code § 1194: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. *(effective at all times herein relevant)*

> c. Labor Code §1198: "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." *(effective at all times herein relevant).*

59. By refusing to compensate Representative Plaintiff and the UCL and California Class Members for overtime wages earned, Defendants willfully violated those California Labor Code provisions cited herein, as well as various Industrial Welfare Commission Wage Orders.

60. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and the UCL and California Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

61. Representative Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

\\

\\

\\

\\

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL AND REST PERIODS**

**(UCL and California Class)**

62. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

63. At all relevant times, Defendants were aware of, and were under a duty to comply with California Labor Code § 512 and California Labor Code § 226.7.

California Labor Code § 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Moreover, California Labor Code § 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

64. Industrial Wage Commission Wage Order Nos. 7-2001(11) and (12)

also mandate that employers provide all applicable meal and/or rest periods to their workers.

IWC Wage Order No. 7-2001(11) provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...
>
> (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes ...
>
> (D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

65. IWC Wage Order No. 7-2001 (12) provides:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) ~ours or major fraction thereof...
>
> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

66. By failing to consistently provide meal and rest periods to Representative Plaintiff and the UCL and California Class Members, Defendants violated these California Labor Code and IWC Wage Order provisions.

67. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and the UCL and California Class Members

have sustained damages, including lost wages, and are entitled to recover such damages, penalties and attorneys' fees and costs under California law, in an amount to be established at trial.

68. Representative Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(UCL and California Class)**

69. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

70. The IWC Wage Orders also establish this requirement in § 7(B) thereof (8 Cal. Code Regs. § 11010 et, seq.).

71. Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional

> failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

72. Finally, California Labor Code § 1174 provides:

> Every person employing labor in this state shall: (d) Keep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees .... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

73. Representative Plaintiff seeks to recover actual damages, costs and attorneys' fees under these provisions on behalf of himself and the UCL and the California Class.

74. Defendants failed to provide timely, accurate itemized wage statements to Representative Plaintiff and the UCL and California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. None of the statements provided by Defendants have accurately reflected the true legal entity that is the employer and the total number hours worked of each employee.

75. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and the UCL and California Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## <u>FIFTH CAUSE OF ACTION</u>

## FAILURE TO PAY WAGES ON TERMINATION

## (UCL and California Class)

76. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

77. California Labor Code § 203 provides that:

> "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

78. Representative Plaintiff and numerous UCL and California Class Members were employed by Defendants during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within seventy two(72) hours of said resignation of employment there from. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

79. More than thirty days has elapsed since Representative Plaintiff and the Class Members were terminated and/or resigned from Defendants' employ.

80. As a direct and proximate result of Defendants' willful conduct in failing to pay said Class Members for all hours worked, Representative Plaintiff and certain Class Members are entitled to recover "waiting time" penalties for unpaid wages over thirty days, pursuant to Labor Code § 203, in an amount to be established at trial, together with interest thereon and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EXPENSES

## (UCL and California Class)

81. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

82. During the Class Period, Defendants required Plaintiff and Plaintiff Class Members to pay for business related expenses, including but not limited to,

mileage and travel costs.

83. Thus, Plaintiff and the Plaintiff Class members had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer which have not yet been reimbursed by Defendants.

84. At all relevant times, Defendants were aware of and were under a duty to comply with various provisions of California Labor Code §§ 2800 and 2802(a).

California Labor Code § 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

85. California Labor Code § 2802 (b) and (c) provides for interest at the statutory post judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

86. Therefore, Representative Plaintiff demands reimbursement for expenditures or losses incurred by the employee in direct consequence of the discharge of his duties, or of his obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of the employer, with interest at the statutory rate and attorneys' fees.

87. Representative Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

\\

\\

\\

## SEVENTH CAUSE OF ACTION

**UNFAIR BUSINESS PRACTICES**

**(UCL and California Class)**

88. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

89. Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop the misconduct of Defendants, as complained of herein, and to seek restitution from Defendants of amounts acquired through the unfair, unlawful and fraudulent business practices described herein.

90. The knowing conduct of Defendants, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

91. Defendants' knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

92. Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the Class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendants and as set forth in legislation and the judicial record.

\\

\\

\\

## RELIEF SOUGHT

WHEREFORE, the Representative Plaintiff, on behalf of himself and the Plaintiff Classes, prays for judgment and the following specific relief against Defendants as follows:

1. That the Court declare, adjudge and decree that this action is a proper class/collective action and certify the proposed FLSA Class, the UCL Class, and the California Class and/or any other appropriate subclasses under FRCP, Rule 23 and/or 29 U.S.C. § 216;

2. That the Court declare, adjudge and decree that Defendants violated the overtime provisions of the FLSA, the California Labor Code and the Industrial Wage Commission Wage Orders as to the Representative Plaintiff and the Plaintiff Classes;

3. That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay overtime under the FLSA, the California Labor Code and the IWC Wage Orders;

4. That the Court declare, adjudge and decree that (a) the Representative Plaintiff and the FLSA Class Members were at all times relevant hereto, and are, entitled to be paid overtime for work beyond 40 hours in a week; and (b) the amounts to which Representative Plaintiff and the FLSA Class Members are entitled is to be doubled as liquidated damages and awarded thereto;

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 2800 and 2802(a) by willfully failing to reimburse California Class members and UCL Class members for expenses made on behalf of Defendants;

6. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 200, 202 and 204.

7. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§226.7 and 512 and applicable IWC Wage Orders by

willfully failing to provide meal periods (including second meal periods) and/or rest periods to California Class Members the UCL Class Members;

8. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code §§ 226(a) and 1174(d) and section 7 of the Wage Orders as to Representative Plaintiff, the UCL Class and the California Class, and willfully failed to provide accurate semi-monthly itemized wage statements thereto;

9. That the Court declare, adjudge and decree that Defendants violated California Labor Code § 203 by willfully failing to pay all compensation owed at the time of the termination of the employment of Representative Plaintiff and other terminated UCL and California Class Members;

10. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to pay Representative Plaintiff, the California Class, and the UCL Class Members overtime compensation, failing to provide meal and/or rest periods to said employees, failing to pay all wages due on termination ("waiting time" penalties) and/or by failing to provide Class Members with accurate itemized wage statements;

11. That the Court make an award to Representative Plaintiff, the FLSA Class, the UCL Class, and the California Class of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

12. That the Court make an award to the Representative Plaintiff, the California Class, and the UCL class of reimbursement for all employee related expenses;

13. That the Court make an award to the Representative Plaintiff and the California Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

14. That the Court make an award to the Representative Plaintiff and the

California Class of one (l) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

15. That the Court order Defendants to pay restitution to Representative Plaintiff, the California Class, and the UCL Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200-08;

16. That the Court order Defendants to pay restitution to Representative Plaintiff, the UCL Class, and the UCL Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200-08;

17. That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in violation of Business and Professions Code §§ 17200 et seq.;

18. For statutory penalties pursuant to California Labor Code §226(e);

19. For injunctive relief to ensure compliance with California Labor Code § 226, pursuant to California Labor Code § 226(g).

20. For all other Orders, findings and determinations identified and sought in this Complaint;

21. For interest on the amount of any and all economic losses, at the prevailing legal rate;

22. For reasonable attorneys' fees, pursuant to 29 U.S.C. §216(b), California Labor Code §1194 and/or California Civil Code §1021.5;

23. For costs of suit and any and all such other relief as the Court deems just and proper; and

24. For punitive and/or exemplary damages according to proof at trial.

\\

\\

\\

\\

\\

## JURY DEMAND

Representative Plaintiff and the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.

Dated: December 19, 2007

Respectfully submitted,
Initiative Legal Group LLP

By:____________________
Mark Yablonovich
Marc Primo
Robert Byrnes
Attorneys for Plaintiff

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145733 - BH**

**December 19, 2007**
**15:52:34**

**Civ Fil Non-Pris**
USAO #.: 07CV2386 CIVIL FILING
Judge..: JANIS L. SANMARTINO
Amount.: $350.00 CK
Check#.: BC# 7286

**Total-> $350.00**

FROM: CIVIL FILING
HUYNH V. EASTWOOD INSURANCE

VIA FAX

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

07 DEC 19 PM 3:51

CLERK, U.S. DISTRICT COURT

**I. (a) PLAINTIFFS**

LAC HUYNH, individually, and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff San Diego, California

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Initiative Legal Group, LLP
(See attached ATTACHMENT TO CIVIL COVER SHEET)

**DEFENDANTS**

EASTWOOD INSURANCE SERVICES, INC. (See attached ATTACHMENT TO CIVIL COVER SHEET)

County of Residence of First Listed Defendant Orange County, California

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'07 CV 2386 JLS (POR)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
F.R.C.P. 3 and 23

Brief description of cause:
FLSA, California wage and hour laws and UCL

**VII. REQUESTED IN COMPLAINT:** ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 12/19/2007 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 145733 AMOUNT $350 12/19/07 DH APPLYING IFP JUDGE MAG. JUDGE

# ATTACHMENT TO CIVIL COVER SHEET

## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS:

Mark Yablonovich, Esq. (SBN 186670)
Marc Primo, Esq. (SBN 216796)
Robert E. Byrnes, Esq. (SBN 200761)
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051
Email: MPrimo@InitiativeLegal.com

## DEFENDANTS

EASTWOOD INSURANCE SERVICES, INC., a California corporation; JUDITH PARTRIDGE, an individual, and DOES 1 through 10, inclusive,

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.