Mark Yablonovich (SBN 186670)
Email: MYablonovich@InitiativeLegal.com
Marc Primo (SBN 216796)
Email: MPrimo@InitiativeLegal.com
Mónica Balderrama (SBN 196424)
Email: MBalderrama@InitiativeLegal.com
Rebecca Labat (SBN 221241)
Email: RLabat@InitiativeLegal.com
Linh Hua (SBN 247419)
Email: LHua@InitiativeLegal.com
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Representative Plaintiff
and all other aggrieved employees

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAC HUYNH, individually, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>EASTWOOD INSURANCE SERVICES, INC., a California corporation; JUDITH PARTRIDGE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 07-CV-02386-JLS-POR<br><br>**APPLICATION FOR AN ORDER AUTHORIZING SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT BY PUBLICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed Concurrently with Declaration of Rebecca Labat; Declaration of William Mishlove; Affidavit of Philippe Ricou; [Proposed] Order]<br><br>**[Ex Parte – No Hearing Required]** |

Plaintiff Lac Huynh ("Plaintiff") respectfully submits this ex parte application for an order directing that the summons and First Amended Complaint in this action be served on defendants Eastwood Insurance Services, Inc. and Judith Partridge ("Defendants") by publication of the summons in The San Diego Union-Tribune, which is a newspaper of general circulation in this District, pursuant to California Code of Civil Procedure section 415.50.

Such application is made upon the grounds that, with reasonable diligence, Defendants cannot be located and served in any other manner specified in California Code of Civil Procedure sections 415.10 through 415.30, and that as shown by the First Amended Complaint on file herein, a cause of action exists against the Defendants.

This application is based upon the supporting memorandum of points and authorities, the Declaration of Rebecca Labat, the Declaration of William Mishlove, the Affidavit of Philippe Ricou, the [Proposed] Order, and the complete files and records in this action.

Dated: April 18, 2008

Respectfully submitted,
Initiative Legal Group LLP

By: [signature]
Mark Yablonovich
Marc Primo
Mónica Balderrama
Rebecca Labat
Linh Hua
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF RELEVANT FACTS

Plaintiff filed this putative class action on December 19, 2007 against his former employer, Eastwood Insurance Services, Inc. and the corporation's owner, Judith Partridge, alleging various violations of the California Labor Code. According to the information furnished by the Secretary of State of California, at all relevant times Defendant Eastwood Insurance Services, Inc. is and was listed as an "active" corporation with a business address of 155 North Riverview Drive, Anaheim Hills, California 92808. (Declaration of Rebecca Labat ["Labat Decl."], ¶ 3, Exhibit A). The corporation's agent for service of process is identified as Defendant Judith Garfi-Partridge. (Id.)

On January 30, 2008, Plaintiff's agent and process server went to Defendants' business address (155 North Riverview Drive in Anaheim, California) and attempted to serve the summons and Complaint on Defendants. (Declaration of William Mishlove, ¶ 3.) Plaintiff's agent was informed by the current tenant of the building that Defendants were no longer at that location and had not provided a forwarding address. (Id., ¶ 4.)

On February 5, 2008, attorney Mark Payne of the law firm Rutan & Tucker, LLP contacted Plaintiff's counsel and advised that he represented Defendants and that he was in possession of a copy of the Complaint. (Labat Decl., ¶ 4.) On February 13, 2008, Plaintiff's counsel asked Mr. Payne if his clients would authorize him to accept service of the summons and Complaint on their behalf. (Id., ¶ 5.) On February 14, 2008, Mr. Payne informed Plaintiff's counsel that he was not authorized to accept service on Defendants' behalf. (Id.)

On March 14, 2008, Plaintiff filed the First Amended Complaint ("FAC") in this matter. On March 21, 2008, Plaintiff's counsel provided Mr. Payne with a courtesy copy of the FAC and inquired again whether his clients would permit him to accept service of the summons and FAC on their behalf, particularly in light of the fact that he had confirmed that the information Defendants had listed with the Secretary of State, including their business address, was incorrect. (Labat Decl., ¶ 6.) However, on March 26, 2008,

Mr. Payne again advised Plaintiff's counsel that he was not authorized to accept service on behalf of Defendants. (Id.)

On April 1, 2008, Plaintiff's agent and process server again went to Defendants' business address and attempted to effect service of process on Defendants. Again, he was advised by the current occupant of the building that the Defendants were no longer there and had not left their forwarding contact information. (Affidavit of Philippe Ricou, ¶ 2).

On April 2, 2008, Plaintiff attempted to serve the summons and FAC on Defendants by Federal Express overnight delivery service, pursuant to Rule 4 of the Federal Rules of Civil Procedure and California Code of Civil Procedure section 415.30, by providing Defendants with a Notice of Lawsuit and Request for Waiver of Service of Summons, and a Waiver of Service of Summons along with the summons, FAC and related initial documents. (Labat Decl., ¶ 7.) Courtesy copies of these documents were also sent to Defendants' counsel, Mr. Payne, by U.S. Mail on the same date. (Id.) The Federal Express packages addressed to Defendants were both returned to Plaintiff's counsel as undeliverable. (Id.)

As of the date of this Application, Plaintiff has not been able to locate Defendants in order to serve them with the summons and FAC. (Labat Decl., ¶ 8.)

## II. ARGUMENT

### A. Service Of The Summons By Publication Is Authorized Under California's Statutes.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service "may be effected...pursuant to the law of the state in which the district is located, or in which service is effected..." Thus, this District adopts the methods of service authorized under the laws of the State of California. Under California law, when other means of service of process have been unsuccessful, a plaintiff may apply to the Court for an order directing service of process by publication. Cal. Code Civ. Proc. § 415.50. In order to serve by publication, a plaintiff must show that he or she made reasonable attempts to serve the defendant in some other authorized manner. Cal. Code Civ. Proc. § 415.50(a). A plaintiff

must be reasonably diligent in his attempts at service, which denotes "a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." Watts v. Crawford (1995) 10 Cal. 4th 743, 749, fn. 5. In order to establish that a plaintiff has made reasonable attempts to accomplish service of process, he may set forth probative facts based on personal knowledge in a declaration. Olvera v. Olvera (1991) 232 Cal. App. 3d 32, 42.

**B. Plaintiff Has Made A Diligent Effort To Serve Defendants.**

As set forth above, and in the accompanying declarations, Plaintiff has made reasonable and diligent efforts to locate and serve the Defendants with the summons, Complaint and FAC. Plaintiff's counsel has twice asked defense counsel to accept service on Defendants' behalf, but Defendants have refused to authorize their counsel to accept service. Plaintiff's agent for service of process tried twice to serve the Defendants at their last known business address, which is currently listed as the corporation's official address with the California Secretary of State. Defendants, however, could not be located at that address. Plaintiff then attempted to serve by Federal Express overnight delivery service, but that method was ineffective as well.

These facts prove reasonable diligence on the part of Plaintiff, his agents and attorneys to accomplish service of process upon Defendants pursuant to the official information they have filed with the Secretary of State. Despite this diligence, Defendants have eluded all attempts at service of process. Because other methods are unavailable or have been unsuccessful, Plaintiff has no alternative but to serve the Defendants by publication.

//

//

//

## III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Application and authorize Plaintiff to publish the summons in The San Diego Union-Tribune, a newspaper of general circulation in this District, or for any other relief this Court deems just and proper.

Dated: April 18, 2008

Respectfully submitted,
Initiative Legal Group LLP

By: ______________________
Mark Yablonovich
Marc Primo
Mónica Balderrama
Rebecca Labat
Linh Hua
Attorneys for Plaintiff