# WAIVER OF SERVICE OF SUMMONS

TO: Initiative Legal Group, LLP
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of Huynh v. Eastwood Ins. Services, Inc., et al., which is case number 07-CV-2386 in the United States District Court for the Southern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 4/2/08 (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

(DATE) April 25, 2008

[signature]
(SIGNATURE)

Printed/Typed Name: Judith Partridge

As (TITLE) of (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

On April 30, 2008, I served on the interested parties in said action the within:

**WAIVER OF SERVICE OF SUMMONS**

by placing a true copy thereof in sealed envelope(s) addressed as stated below:

Mark Yablonovich
Marc Primo
Monica Balderrama
Rebecca Labat
Linh Hua
Initiative Legal Group LLP
1800 Century Park East
2nd Floor
Los Angeles, CA 90067

(310) 556-5637
FAX: (310) 861-9051

Attorneys for Plaintiffs
LAC HUYNH, individually,
and on behalf of all others similarly situated

In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on April 30, 2008, at Costa Mesa, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Frances Penn — Frances Penn
(Type or print name) (Signature)